UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-08651-CAS-RAOx | Date | June 28, 2019 |
| Title | YONGXIN LONG V. HUNG ERN TOH, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS HUNG ERN TOH, BARR CONSULTING AND HOLDINGS, INC., AND BARR HOLDINGS, LLC. (Dkt. 95, filed March 26, 2019)

## I.  INTRODUCTION AND BACKGROUND

This case concerns an allegedly fraudulent scheme orchestrated by Hung Ern Toh ("Toh"), wherein Toh convinced non-English speaking residents of the People's Republic of China to invest substantial sums of money in his entities, Barr Consulting and Holdings, Inc. and Barr Holdings, LLC (the "Barr defendants" or "Barr entities"), by promising them that these investments would allow them to obtain permanent resident status in the United States. Dkt. 1 ("Compl.") ¶ 2. Toh and his co-defendants then allegedly misappropriated these funds. Id. ¶¶ 2–4. This scheme has resulted in the filings of several related cases in this Court.

Plaintiff Yongxin Long ("Long"), a resident of the People's Republic of China, entered into a series of contracts with Toh for immigration services. Id. ¶¶ 24–32. Under the agreements, Toh promised Long that by investing in the Barr entities, Long would qualify for an L–1 visa for travel to and from the United States, and would eventually be able to obtain permanent residence status in the United States. Id. ¶ 5. Toh also assured Long that the investment would be held in attorney John Bradford Flecke's ("Flecke") client service account until her immigration status was resolved. Id. ¶ 7. Based on these representations, Long wired $300,000 into Flecke's client service account and incurred $75,977 in related fees. Id. ¶¶ 20, 27–28.

Thereafter, Long discovered Flecke's unauthorized disbursement of her investment to the Barr defendants. Id. ¶¶ 4, 56–58. Upon learning that her L-1 visa application was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-cv-08651-CAS-RAOx | Date | June 28, 2019 |
| Title | YONGXIN LONG V. HUNG ERN TOH, ET AL. | | |

denied, Long demanded that defendants return her money. However, Toh engaged in delay tactics and refused to return Long's investment. Id. ¶ 4.

On November 30, 2017, Long brought this action against defendants Flecke,[1] Toh, and the Barr defendants. In brief, Long alleges that she and the defendants entered into a series of contracts that contained false promises intended to entice Long into investing money in Toh's businesses, the Barr entities, as part of a fraudulent immigration scheme. Id. ¶¶ 1–2. Long asserts the following causes of action: (1) fraud; (2) fraud based on conspiracy; (3) conversion; (4) rescission and restitution due to fraud; (5) breach of written contract; (6) breach of fiduciary duty; (7) violation of the California Business & Professions Code § 17200 et seq.; and (8) violation of the California Business & Professions Code § 6148.

Counsel for Toh and the Barr defendants have since withdrawn from representation. Dkts. 68, 74. Toh's counsel withdrew on September 10, 2018, dkt. 68, and the Court allowed the Barr defendants' counsel to withdraw on October 11, 2018, dkt. 74. The Barr defendants were ordered to obtain new counsel within thirty days of their counsel's withdrawal. Id. On November 19, 2018, the Court ordered Toh and the Barr defendants to show cause in writing no later than December 20, 2018 as to why their answers should not be stricken and default be entered against them for failure to retain new counsel. Dkt. 79. The defendants failed to respond to the Court's order. On January 3, 2019, Toh and the Barr defendants failed to appear or otherwise participate in a status conference held by the Court, and the Court ordered Long's counsel to move for entry of default against the defendants. Dkt. 80. Pursuant to the Court's order, Long filed a Request for Entry of Default against Toh and the Barr defendants on January 16, 2019. Dkts. 80–81. The Clerk entered default on January 18, 2019. Dkt. 83. On March 26, 2019, Long filed the instant motion for entry of default judgment against Toh and the Barr defendants on her claims for fraud and breach of contract. Dkt. 95 ("Mot."). Long now requests that this Court grant her motion for default judgment in the amount of $375,977.00, plus the legal rate of interest. Id. at 18, 20. Long served the motion for default judgment on defendants and filed proof of service on March 26, 2019. Dkt. 95-3. Long's motion is unopposed.

---

[1] On March 13, 2019, Long and Flecke represented that they reached a private settlement. Dkt. 94.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-08651-CAS-RAOx | Date | June 28, 2019 |
| Title | YONGXIN LONG V. HUNG ERN TOH, ET AL. | | |

The Court held a hearing on April 29, 2019. Having carefully considered Long's motion and supporting documents, the Court finds and concludes as follows.

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge Beverly Reid O'Connell & Judge Karen L. Stevenson, California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2017) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

## IV. DISCUSSION

### A. Possibility of Prejudice to the Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. A plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. Pepsi, 238 F. Supp. 2d at 1177; see also Phillip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-08651-CAS-RAOx | Date | June 28, 2019 |
| Title | YONGXIN LONG V. HUNG ERN TOH, ET AL. | | |

Given the failure of the defendants to defend this suit, Long would be prejudiced if denied a remedy against these defendants. As a result, the first Eitel factor weighs in favor of entering default judgment against each defendant.

### B. Substantive Merits and Sufficiency of the Claims

The second and third Eitel factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together. PepsiCo, 238 F. Supp. 2d at 1175. For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). The Court analyzes each of Long's alleged claims in turn below.

#### i. Fraud

Long claims that defendants engaged in fraud. Mot. at 11. Because fraud is an intentional tort, a plaintiff must plead and prove the following elements of fraud: "(1) misrepresentation; (2) knowledge of falsity; (3) intent [to] induce reliance; (4) justifiable reliance; and (5) resulting damage." Conrad v. Bank of America, 45 Cal. App. 4th 133, 156 (1996). Also, when pleading claims amounting to fraud, a plaintiff must satisfy the demands of Rule 9(b) of the Federal Rules of Civil Procedure, which states that "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Pro. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citing Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

Long alleges that in May 2016, Toh knowingly made various misrepresentations and false promises to induce Long to invest with the Barr defendants. Mot. at 11; Long Decl. ¶¶ 2–3. In short, Toh misrepresented that Long's purchase of assets held by Barr Holdings, LLC would provide Long an opportunity to obtain an L-1 visa. Mot. at 11; Dkt. 95-2, Declaration of Yongxin Long ("Long Decl.") ¶ 2. However, Toh and the Barr defendants did not actually own any business assets. Mot. at 12; Long Decl. ¶ 2. Long relied on Toh's false promises, and subsequently signed a series of agreements with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-08651-CAS-RAOx | Date | June 28, 2019 |
| Title | YONGXIN LONG V. HUNG ERN TOH, ET AL. | | |

defendants that required Long to make various payments, including the $300,000 payment. Mot. at 4–6; Long Decl. ¶ 4–7. The agreements also provided that Long's $300,000 payment would be held in Flecke's client service account until Long's immigration status was fully resolved. Id. at 12; Long Decl. ¶ 3. Sometime in July 2016, Long wired $300,000 into Flecke's J.P. Morgan Chase Bank client service account, located in Rancho Cucamonga, CA. Mot. at 6; Long Decl. ¶ 7. On August 11, 2016, and upon Flecke's receipt of the $300,000, defendants misappropriated Long's investment by disbursing the funds to Toh and the Barr defendants without Long's authorization and while her immigration status was still pending. Mot. at 12; Long Decl. ¶ 14. The Court thus finds that Long has sufficiently alleged that defendants engaged in fraud and have met 9(b)'s heightened pleading requirements.

### ii. Breach of Contract

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011) (internal citations omitted. A valid contract requires capable consenting parties, a lawful object, and sufficient cause or consideration. Id.; see also Cal. Civ. Code § 1550.

Here, plaintiff and Toh entered into a series of agreements in which plaintiff agreed to make payments to the Barr defendants to establish a business in the United States. Mot. at 15. Long alleges that one such agreement, the Project Cooperation Agreement, provided that defendants would refund her investment if she failed to acquire an L-1 visa. Id. Upon Long's failure to obtain an L-1 visa, defendants failed to refund her investment pursuant to the Project Cooperation Agreement. Id. The Court thus finds that Long has adequately stated a claim for breach of contract.

### C. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see Eitel, 782 F.2d at 1471–72. "While the allegations in a complaint are taken to be true for the purposes of default judgment, courts must make specific findings of fact in assessing damages." Moroccanoil, Inc. v. Allstate Beauty Prod., Inc., 847 F. Supp. 2d 1197, 1202 (C.D. Cal. 2012). The Court reviews declarations,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-08651-CAS-RAOx | Date | June 28, 2019 |
| Title | YONGXIN LONG V. HUNG ERN TOH, ET AL. | | |

calculations, and other damages documentation to determine whether the sum of money at stake is appropriate. Craneveyor Corp. v. AMK Express Inc., No. CV 16-6049-RSWL-EX, 2017 WL 89553, at *5 (C.D. Cal. 2017).

Long seeks compensatory damages of $375,977, based on her $300,000 investment and $75,977 in related fees. Long supports her request for compensatory damages with (1) her declaration describing the circumstances of her various payments to the defendants, including the $300,000 investment and related fees, Long Decl. ¶¶ 4–7; (2) bank statements disclosing her payments to defendants, dkt. 96, Ex. F; and (3) several agreements outlining the terms of the legal fees, audit fees, related costs, and the $300,000 investment, dkt. 96, Ex. C–E. Accordingly, the Court finds that the compensatory damages in the amount of $375,977, plus interest, are appropriate.

### D. Possibility of a Dispute Concerning the Material Facts

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177. Having defaulted, defendants have admitted all factual allegations contained in the complaint, and therefore no genuine dispute of material facts exists which would preclude granting the motion. See Elektra, 226 F.R.D. at 393. Accordingly, this factor weighs in favor of entering default judgment.

### E. Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendants' default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. Here, there is no indication that default was entered due to excusable neglect. Since defendants' counsel withdrew, defendants have been non-responsive in this litigation. Defendants have failed to respond to Orders to Show Cause issued by this Court and have failed to appear at court-ordered hearings. Defendants, despite being properly served, have not responded, attempted to have their defaults set aside, nor have opposed Long's Motion for Default Judgment. Accordingly, this factor weighs in favor of entering default judgment against the defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-08651-CAS-RAOx | Date | June 28, 2019 |
| Title | YONGXIN LONG V. HUNG ERN TOH, ET AL. | | |

### F. Policy in Favor of Decisions on the Merits

Under the seventh Eitel factor, the Court considers the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. However, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted). A party's failure to answer or appear makes a decision on the merits impractical, if not impossible. Id. Defendants' failure to defend this action makes a decision on the merits impractical. Thus, the seventh Eitel factor does not preclude the entry of default judgment against defendants. Apart from the policy favoring decisions on the merits, all of the remaining Eitel factors militate in favor of entering default judgment, including the merits of plaintiff's claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citations omitted).

Based on the foregoing, the Court **GRANTS** plaintiff's motion for default judgment against defendants.

### V. CONCLUSION

The Court **GRANTS** plaintiff's motion for default judgment.

The Court **ORDERS** that judgment be entered against defendants Hung Ern Toh, Barr Holdings, LLC, and Barr Consulting & Holdings, Inc. These defendants shall be liable to Long in the amount of $375,977, plus post-judgment interest from the date of entry of judgment until paid.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |